HARDY, Judge.
Plaintiff instituted this suit for the recovery of the sum of $500 deposited with defendant in connection with an agreement between the parties providing for the purchase of defendant’s insurance agency. After trial there was judgment in favor of plaintiff, from which the defendant appealed. This court ordered the case remanded for the purpose of permitting the completion of the record by incorporation of a transcript of testimony or a statement of facts in accordance with the provisions of Articles 601-603 of the Code of Practice. Pursuant to this order a statement of facts was prepared and filed in the record by the Judge a quo and the case is now before us for adjudication of the appeal.
On or about December 5, 1956, plaintiff made a written proposal for the purchase of an undivided one-half interest in defendant’s insui;ance agency and in connection therewith deposited the sum of $500 with defendant, which deposit is evidenced by a signed receipt. The material provision of plaintiff’s proposal for purchase, which controls the purely factual issue presented, reads as follows:
“The above proposal is contingent on survey of accounts of agency proving that there is an annual premium of not less than $65,000.00 and not less than 40% of same to be fire coverage.”
. Plaintiff alleged and testified that he made a survey of the accounts of defendant’s business and found that premiums for fire insurance coverage constituted less than 40% of the total premium receipts of. the agency. This evaluation was strenuous-ly denied by defendant, who urged that plaintiff’s survey was inaccurate and that an audit of the business of the agency would have disclosed premium receipts for fire coverage in excess of the 40% stipulated in the proposal.
The statement of fact incorporated in the record by the trial judge affords a brief analysis of the testimony of the witnesses. It is clear that the positions taken and the testimony given by the parties litigant is irreconcilably contradictory. It is observed that no time element for the consummation of the written proposal is set forth therein. Both parties appear to have accepted, without formal action, the failure of their negotiations, for the plaintiff ac *113 cepted employment with Consolidated Underwriters sometime after January 1, 1957, and the defendant sold his business to other parties on or about March 1, 1957.
Examination of the somewhat sketchy record before us fails to indicate any manifest error on the part of the trial court in its judgment. It follows that the judgment appealed from should be, and accordingly it is, affirmed at appellant’s cost.